# THE STATE v. JOHN HENGGELER, Appellant.

### Division Two, December 22, 1925.

1. **ASSAULT: By Others in Defendant's Absence: Evidence: Withdrawal by Instruction.** Assignments that the court erred in admitting evidence of assaults made by others upon the prosecutrix in the absence of defendant, charged with feloniously beating a small girl in his care, are without merit, where the prosecutrix, unsolicited by the prosecuting attorney, testified, in her direct examination, that, after she had milked the cow, the defendant's wife struck her, and thereupon, upon objection, the court directed the prosecuting attorney to limit the testimony to assaults made by defendant, and by instructions given expressly withdrew from the consideration of the jury all statements of witnesses respecting assaults made by any person other than defendant.

2. ———: **Res Gestae: Screams.** Where defendant testified that he saw the prosecutrix near his corn field as he drove into his premises, and she testified that he whipped her, testimony by another that about ten or fifteen minutes after defendant drove into his premises he heard a child screaming from the same direction, is admissible as *res gestae.*

3. **DISCHARGE OF JURY: Statement by Prosecuting Attorney: Assault by Defendant and Wife.** The information charged that defendant and his wife, having in their care and custody a child under sixteen years of age, did feloniously assault, beat, wound and injure her. Defendant was granted a severance, and the prosecuting attorney in his statement to the jury said that the evidence would be that the wife whipped the child and that defendant afterwards beat her. To this statement the defendant interposed no objection at the time, and the prosecuting attorney

proceeded to say that what the jury was to determine was whether the defendant took part in the beating. The court of its own motion ordered the jury to retire, and after making inquiry of the prosecuting attorney ruled that the offenses were separate and distinct. Thereupon the defendant asked that the jury be discharged because of the statements of the prosecuting attorney. The request was denied, but as the trial progressed the court excluded all testimony relating to assaults by the. wife, and by instructions given at its close expressly withdrew from the consideration of the jury all "statements made by any witness or other person respecting assaults" made upon said child, and directed them that "the sole thing for you to determine is whether or not she was assaulted by defendant." *Held*, that the court did not err in refusing to discharge the jury, because it is clear that they understood that the State was not seeking to convict defendant for an assault made by his wife in his absence.

4. **DEMURRER TO EVIDENCE: Waiver.** A demurrer to the evidence offered by the defendant at the close of the State's case is waived by the introduction of evidence by him.

5. ————: **Beating Child: Sufficient Proof.** Under the statute (Sec. 3273, Laws 1921, p. 281) declaring that if any person, having the care and control of an infant child under sixteen years of age, "shall unlawfully and purposely assault, beat, wound or injure such infant, whereby its life shall be endangered or its person or health shall have been or shall be likely to be injured," etc., evidence that defendant, having a child twelve years of age in his care and control, purposely assaulted and beat her with a strap, whereby her skin was lacerated, bruised and broken, is sufficient to support a conviction.

6. **INFORMATION: Assault by Two Persons: Misjoinder: Conspiracy.** Where it appears that each of a number of persons jointly indicted are guilty of acts which would warrant a separate indictment and conviction, the misjoinder does not work such prejudice to the substantial rights of any one of them upon the merits as to warrant an interference by the appellate court. Where defendant and his wife were charged in one information with having unlawfully and feloniously assaulted, beat, wounded and injured a child under sixteen years of age, and he was granted a severance, a judgment of conviction will not be reversed on the theory that the information charged a joint assault and the evidence showed separate and distinct assaults and no conspiracy was charged or proved. The fact that he was jointly charged with his wife did not work him any harm or prejudice. [Sec. 3908, R. S. 1919.]

7. **INSTRUCTION: For Common Assault.** Defendant cannot complain on appeal that the trial court erred in not instructing on common assault, where he was not charged with common assault, but with felonious assault, and all the evidence offered by the State tended to prove the crime charged, and he denied that he had made the assault at all, and there was no evidence that would have authorized an instruction for common assault.

8. ————: **Refusal: Covered by Others.** It is not error to refuse instructions asked by defendant where the correct principles of law enunciated by them are embodied in others given.

9. ————: **Correct: Assault upon Child.** The instruction telling the jury what facts it was necessary for them to find in order to return a verdict of guilty against defendant, charged with having unlawfully and feloniously and purposely assaulted, beat, wounded and injured a child under sixteen years of age in his care and custody, is set out in full in the opinion, and, *Held*, to have fairly and intelligently submitted the case.

Assault and Battery, 5 C. J., Section 220, p. 741, n. 40; Section 296, p. 775, n. 5 New; Section 313, p. 783, n. 13; Section 341, p. 795, n. 73 New, 77; Section 349, p. 800, n. 17. Criminal Law, 16 C. J., Section 1120, p. 579, n. 94; Section 2226, p. 890, n. 47 New; Section 2297, p. 934, n. 58; Section 2305, p. 938, n. 18; Section 2506, p. 1063, n. 85; Section 2620, p. 1119, n. 34; p. 1120, n. 35; Section 2641, p. 1141, n. 77; p. 1142, n. 78; 17 C. J., Section 3459, p. 168, n. 90, 91; Section 3617, p. 284, n. 72 New; Section 3638, p. 299, n. 30 New; Section 3668, p. 327, n. 96; Section 3670, p. 328, n. 6; Section 3751, p. 368, n. 5; p. 369, n. 9. Injury, 32 C. J., Section p. 516, n. 48. Wound, 40 Cyc., p. 2865, n. 43.

Appeal from Nodaway Circuit Court.—*Hon. John M. Dawson,* Judge.

AFFIRMED.

*Robert W. Otto,* Attorney-General, and *James A. Potter,* Special Assistant Attorney-General, for respondent.

(1) The court did not permit the State to prove any assaults other than the assault of the defendant, but on the contrary, excluded all of such evidence both with and without the objection of the defendant. (2) The court committed no error in permitting the witnesses to testify as to the condition of the body of the prosecuting witness. The State's evidence and the admission of the defendant showed that the defendant was partially responsible for the condition of the prosecuting witness.

(3)   The court properly limited the testimony of the witness From regarding cries and screams of a child to such screams as were made after the defendant returned home on the night of the crime.   (4)   The court did not err in refusing to discharge the jury at the close of the opening statement of the prosecuting attorney.   Had it not been for the opening statement of the prosecuting attorney, the defendant would have been held responsible in the eyes of the jury for all the assaults made on the prosecuting witness.   In other words, had not the jury been told that others assaulted the witness on the night in question the jury would have held the defendant solely responsible for the subsequent condition of the prosecuting witness's body.   The statement of the prosecuting attorney was favorable to the defendant and not prejudicial.   (5)   There was no variance in the charge contained in the information and in the proof adduced.   Laws 1921, p. 281; State v. Evans, 270 S. W. 684.   (6)   The court did not err in refusing a peremptory instruction at the close of the case.   The defendant admitted to two or three witnesses that he did assault the prosecuting witness on the night in question, with a leather strap one and one-half inches wide and two feet long, which was shown to be a part of a set of harness. The prosecuting witness testified that the defendant did assault her on the night in question and struck her several times.   The defendant, on the other hand, instead of attempting to show some provocation for his assault denied the assault entirely.   The case was clearly one for the jury.   State v. Koonse, 123 Mo. App. 655; State v. Evans, 270 S. W. 684.   (7)   The defendant procured a severance before the trial and he is, therefore, in no position to complain of the error, if any, in charging two defendants who had committed different assaults in the same count of the information.   (8)   Instruction 1 given on the part of the State fully and fairly covered the law of the case. State v. Evans, 270 S. W. 684.

HIGBEE, C.—The information charges that on August 18, 1923, at the County of Nodaway, the appellant

and Chloe Henggeler had the care and custody of Mary
Alice Whited, an infant child under the age of sixteen
years, and did then and there unlawfully and feloniously
and purposely assault, beat, wound and injure her,
whereby her life was endangered and her person and
health were.injured and her health was likely to be in-
jured.

The defendant was granted a severance, tried on
January 24, 1924, found guilty by the verdict of the jury,
and his punishment assessed at a fine of $625. After
motions for new trial and in arrest were overruled,
judgment was rendered accordingly, and an appeal was
granted to this court.

The evidence for the State is that, in the year 1921,
Mary Alice Whited, a neglected child, became an inmate
of the Buchanan County Detention Home for neglected
and delinquent children; that in the spring of 1923, at
the solicitation of the appellant, the superintendent of
the Home committed her to the defendant's care, and
that he took her to his home, sixteen miles southeast of
Maryville in said county; that she continued to live
with appellant; that on Saturday, August 18, 1923, ap-
pellant and his wife drove to Maryville in his Ford
truck, taking Mary and others with them, and returned
home after dark; that some time after reaching his
home appellant brutally beat the girl with a strap a-
bout an inch and a half wide and two feet long; that she
stayed that night in appellant's cornfield; that appel-
lant's wife the following morning found her at a neigh-
bor's house and took her home; that Gabe Purcell, a
deputy sheriff, acting upon information, went to de-
fendant's home and took the girl to Dr. Farrell's office.
She had from twenty to twenty-five stripes, from an
inch to an inch and a half wide, on her body down to
her waist line, and little sores that had scabbed over;
there were also wounds and bruises, covered with pow-
der. Some of the stripes extended around her body to
and over her stomach. The appellant was present at
this examination and, in reply to a question by Mr. Pur-

cell, the latter testified: "Mr. Henggeler said that his wife didn't do it all. And I said; 'Did you do part of it?' And he said, 'I certainly did.' I said, 'What did you whip her with?' And he said; 'A strap about so wide and about that long'' (indicating).'' Purcell testified that appellant indicated the strap was an inch or an inch and a half wide and about two feet long.

Dr. Frank Wallis, during the week following August 18, stripped the child to her waist line. She had a boil on one arm and a number of black and blue stripes over her entire back and on her sides and the front of her body; the skin was broken in a few places. The doctor did not think infection was likely to result.

Mary Alice Whited testified that she was twelve years of age at the time of the trial; that she had lived three or four years in the Detention Home and was taken by the defendant and lived with him about two months; that on a Saturday in August she went with defendant and his wife to Maryville, returning that evening after dark; she milked the cow; that Chloe Henggeler, defendant's wife, struck her. (Here the court, on objection by the defendant, directed the prosecuting attorney to limit the testimony to any assault the defendant made). Witness, continuing, said the defendant struck her, how many times she did not know; that he said he was whipping her because she ran away from his wife; that he struck her on the back with a strap a few times; that she went to the cornfield and the next day went to Weatherman's; that Chloe Henggeler and May Davis came and got her. The next day Mr. Purcell got her and took her to Maryville.

On cross-examination, witness testified that she didn't know the year of her birth; had never seen a record of her birth; her mother never told her; a little girl at the Detention Home told her she was born March 4, 1911; that she went to the Home in the winter time, but did not know what year; that she was staying there at the time of the trial; that not very long after they returned from Maryville the defendant whipped her with

a strap, how many times she did not know; two or three times, not any more. "Q. There were some sores on your person, were there not, before he whipped you? A. There were some on my knees." She further testified that they or the sore on her elbow were not caused by the whipping defendant gave her.

Charles From testified he lived at Conception; that he first saw Mary Whited on Tuesday, the day she was brought to Maryville; that defendant lived one mile south and three-quarters of a mile east of Conception Junction; that on Saturday night he was near defendant's house; his car stalled there on a hill about 9:15, about half a quarter east of Henggeler's home; his car was stalled there about an hour; he heard a child screaming over in the direction of defendant's house; about fifteen minutes after the child screamed a car drove into defendant's place from the direction of Conception Junction; about ten or fifteen minutes later he again heard a child screaming from the same direction. (On objection by the defendant, the court ruled that the screaming before the time the automobile drove in would be excluded and directed the jury to disregard it). On cross-examination witness said he remained at the hill about fifteen minutes after the car drove into defendant's premises, which he judged was about ten minutes before ten P. M.

The defendant testified that he was a farmer, twenty-nine years old, married in 1920; that he and his wife secured the child Mary at the Detention Home at St. Joseph, Mo., in the spring; that she remained with them until August 18th; they returned home from Maryville after dark; they got supper and ate it, and that he then took two young ladies in his Ford truck to a picture show at Conception Junction, and that it was eleven or eleven thirty when they returned home; that he did not strike or whip Mary Whited; that he did not tell Purcell in Dr. Farrell's office in Conception Junction that he had whipped her, or that in substance, or that he participated in the whipping; that he had no

talk with Purcell. On cross-examination, witness said he was in Dr. Farrell's office not over fifteen or twenty minutes while Dr. Farrell and Purcell had the child's clothes down, examining her. After they came out of the office Purcell said to the witness: ''You can go home; I am going to take the girl to Maryville.'' Witness said after he returned from the picture show he saw the child close to midnight at the corner of the cornfield.

The defendant was corroborated as to his being at the picture show and the time he returned. Six witnesses testified that the general reputation of the defendant as a peaceable, orderly and law abiding citizen was good,

Instructions 1 and 2, given for the State, read:

''1. The court instructs the jury that if they believe from the evidence beyond a reasonable doubt that the defendant, at the County of Nodaway and State of Missouri, on or about the 18th day of August, 1923, or at any time within three years before the filing of the information, did then and there have the care and control of Mary Alice Whited and that the said Mary Alice Whited was then and there under the age of sixteen years, and that defendant, on or about the said 18th day of August, 1923, did then and there, in said County of Nodaway and State of Missouri, feloniously assault and beat the said Mary Alice Whited with a leather strap, then and there giving to her, the said Mary Alice Whited, such injuries in and upon her body as that her person or health was likely to have been injured, you will find the defendant guilty and assess his punishment at imprisonment in the penitentiary for not less than two nor more than three years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment.

''2. The court instructs the jury that any statements made by any witnesses or other person respecting any assaults having been made on the witness Mary Alice Whited by any person other than the defendant shall not be considered by you in arriving at your verdict, as the sole thing for you to determine under the

law and the evidence in this case is whether or not she was assaulted by the defendant.''

Instructions A and B for the defendant are cautionary. Instruction C is the usual one on the presumption of innocence, burden of proof and reasonable doubt. Instructions E and F are the usual instructions on the defense of alibi; G is the usual instruction as to the previous good character of the defendant. G-1 is on the weight and credibility of the evidence.

No brief has been filed on behalf of the appellant. The motion for new trial assigns twenty-two errors. The first and second are that the court erred in not sustaining the motions to quash the information and to require the State to elect upon which of the several charges contained in the information it would proceed to trial. These motions are not contained in or called for in the bill of exceptions and are not here for consideration. The third, fourth, fifth and sixth assignments are that the court erred in admitting evidence over the objections of the defendant, specifically alleging error in the admission of evidence as to assaults made upon Mary Whited by other persons in the absence of the defendant.

In her examination in chief, Mary Alice Whited testified that after she milked the cow defendant's wife struck her. This statement was not elicited by the prosecuting attorney, and, upon objection, the court directed the prosecuting attorney to limit the testimony to any assault made by the defendant, and all the statements of the witness respecting any assault made by any one other than defendant were expressly withdrawn from the consideration of the jury by the court's instruction numbered 2. There is no merit in this contention.

The seventh assignment is that the court erred in admitting the testimony of the witnesses Purcell and Wallis as to the child's condition, which was the result of alleged assaults made upon her by others than the defendant and in his absence. This is an assumption not warranted by the evidence. The statement by the

child that Mrs. Henggeler struck her was withdrawn, and there is no evidence that her person was injured by anyone other than defendant. Besides this, the child distinctly testified that she had no sores on her person other than on her knees and the boil on her elbow.

The eighth assignment is that the court erred in permitting the witness From to testify to alleged cries and screams when it was not shown that defendant was present. The court excluded the evidence as to screams before the automobile coming from the direction of Conception Junction drove into defendant's premises. The defendant put the time that he drove home in his car later than the time fixed by From. That made an issue of fact. The defendant testified he saw the child near his cornfield when he drove in from Conception Junction. She testified he whipped her and, under the circumstances detailed, the screams were a part of the *res gestae*. The evidence was admissible.

The ninth and tenth assignments are that the court erred in refusing to discharge the jury on the motion of defendant at the close of the prosecuting attorney's statement. The bill of exceptions recites that the prosecuting attorney in his statement said the evidence would be that Mrs. Henggeler whipped the child and that the defendant afterwards beat her. The defendant interposed no objection at the time these statements were made. The prosecuting attorney proceeded to say that what the jury was to determine was whether or not the defendant took part in that beating. The court of its own motion had the jury retire and after making inquiry of the prosecuting attorney, ruled that the offenses were separate and distinct. Thereupon the defendant asked that the jury be discharged because of the said statements of the prosecuting attorney. We think it clear the jury would understand that the State was not seeking to convict the defendant for any assault made by his wife in his absence, and that the court's instruction numbered 2 withdrew from the jury the consideration of any assault not made by the defendant. "In criminal,

as in civil cases, the grant or refusal of a new trial is generally said to rest in the sound discretion of the trial court and the appellate court has no right to review the exercise of such discretion unless it appears that it had. been abused to the prejudice of defendant.'' [16 C. J. 1119, 1141.] The court, in the absence of an objection to the remarks of the prosecuting. attorney, interposed in the interest of the defendant and confined the inquiry to assaults made by the defendant. The motion to discharge the jury was properly overruled.

There is no merit in the eleventh assignment that there was a variance in the charge in the information and in the proof.

The twelfth assignment is that the court erred in overruling the defendant's demurrer at the close of the State's evidence. This was waived by the introduction of evidence by the defendant.

The thirteenth assignment is that the court erred in overruling defendant's demurrer at the close of all the evidence. Section 3273, Laws 1921, p. 281, on which this prosecution is based, reads:

''If any mother or father of any infant child under the age of sixteen years, whether such child was born in lawful wedlock or not, or any person who has adopted any such infant, or any other person having the care and control of any such infant, shall unlawfully and purposely assault, beat, wound or injure such infant, whereby its life shall be endangered or its person or health shall have been or shall be likely to be injured, the person so offending shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding three years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars or by both such fine and imprisonment.''

The proof for the State is that while the defendant had the care and custody of this child, under sixteen years of age, he unlawfully and purposely assaulted and beat her with a strap, inflicting wounds and injuries upon her person. Her skin was lacerated, bruised and

broken. "A wound is an injury to the person by which the skin is broken." [40 Cyc. 2865.] An injury is a broader term. The language of the statute is: "Whereby its life shall be endangered or its person or health shall have been or shall be likely to be injured." The language is in the alternative. The proof brings the case clearly within the statute and the demurrer was properly overruled. [State v. Evans, 270 S. W. 684.]

Here follow five assignments which are repetitions of others that have been considered. The next assignment is that the information charges two persons with a joint assault, while the proof shows a separate and distinct assault and no conspiracy was pleaded or proved. It has been ruled in this State that where it appears that each of a number of defendants jointly indicted are guilty of acts which would warrant a separate indictment and conviction, the misjoinder does not work such prejudice to the substantial rights of defendant upon the merits as to warrant the interference of the Supreme Court. [State v. Edwards, 60 Mo. 490; State v. Lehman, 182 Mo. l. c. 451, 81 S. W. 1118.]

Section 3908, Revised Statutes 1919, provides that no indictment or information shall be deemed invalid nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected . . . nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. Upon the granting of a severance, the case proceeded as if the defendant had been separately charged with the offense. It cannot be seen that the fact that he was jointly charged with another worked him any hurt or prejudice.

Assignment numbered 20 is that the court erred in not instructing on common assault, as requested by defendant. We find no instruction of this character in the bill of exceptions. The defendant was not charged with common assault. All the evidence offered by the State tended to prove the crime charged; the defendant denied that he assaulted or struck the child. There was

no evidence that would have authorized an instruction for common assault.

The defendant asked other instructions, the refusal of which is not complained of in the motion for new trial. So far as they enunciate correct principles of law they are covered by instructions given by the court.

Appellant complains of the first instruction given by the court. We have set it out and are of the opinion that it fairly and intelligibly submitted the case to the jury. The court instructed the jury upon all questions of law arising in the case which were necessary for their information in giving their verdict. The defendant had a fair trial before an impartial jury. The judgment is, therefore, affirmed. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE C., is adopted as the opinion of the court. All of the judges concur.