**STATE of Missouri, Respondent,**

v.

**Eugene Lovereture CAMPER, Appellant.**

No. 50990.

Supreme Court of Missouri,

Division No. 2.

June 14, 1965.

Motion for Rehearing or for Transfer to
Court En Banc Denied July 12, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Ronald R. McKenzie, Sp. Asst. Atty. Gen., Hannibal, for respondent.

Robert G. Duncan, Simon & Pierce, Kansas City, for appellant.

STOCKARD, Commissioner.

Defendant has appealed from the judgment entered pursuant to jury verdict wherein he was found guilty of robbery in the first degree and sentenced to imprisonment for a term of five years. He does not challenge the sufficiency of the evidence. Therefore, the statement of facts may be in summary form.

On October 7, 1963, a man wearing a Hallowe'en mask entered the fur shop of Henri Tron, and after threatening Tron and an employee with a gun he tied them up. Two other men then entered the shop and a total of twenty-six fur pieces were taken. Neither Tron nor the employee was able to identify any of the robbers. Cheryl Fanner worked nearby, and at the time of the robbery she saw three colored men near the fur shop with their arms loaded with furs, and at the trial she identified defendant as one of those men. She saw them place the furs in an automobile and drive away. Two days later Miss Fanner identified a photograph at police headquarters as being a picture of defendant.

On this appeal defendant presents two assignments of error, both pertaining to the admission of evidence. The first contention is that the trial court erred in denying defendant's request for a mistrial "because of Witness Fanner's prejudicial testimony regarding seeing [defendant's] picture at the police department said testimony being prejudicial and irrelevant." After Miss Fanner testified that she saw the defendant and two other men carry the furs and place them in an automobile the following occurred:

"Q. Now, after this particular night did you go to the police department?

"A. Yes, I did.

"Q. And when was that?

"A. Two days after.

"Q. What did you do when you were down there at that time?

"A. I looked through the pictures that they had down there.

"Q. Did you recognize anyone in the pictures?

"A. Yes, I recognized the man sitting here now."

Out of the presence of the jury the defendant then requested a mistrial "on the basis that it is irrelevant and immaterial and it is rehabilitating the identity before the case is established, and it is also prejudicial, and it informs the jury that this man has been arrested before, * * *." The trial court denied the request for a mistrial, but offered to instruct the jury to disregard the question and the answer of the witness that she saw defendant's picture at the police department. However, counsel for defendant expressly refused the offer, and stated, "I will stand on my motion for a mistrial."

We shall assume for the purpose of this opinion, but expressly do not so rule, that the testimony of Miss Fanner that she recognized a picture at police headquarters as being a photograph of defendant was improper. However, every error which might occur in the trial of a case does not necessarily require the granting of a mistrial. In view of the offer of the trial court to instruct the jury to disregard the answer of Miss Fanner, the issue before us is exactly the same as if the trial court had ordered the answer stricken and had instructed the jury to disregard it, but had refused to declare a mistrial.

The declaration of a mistrial is a drastic remedy, and the power of a trial court in this respect "should be exercised only in extraordinary circumstances," State

928

v. James, Mo., 347 S.W.2d 211, or stated another way, a mistrial should be granted only when the incident is so grievous that the prejudicial effect can be removed no other way. For this reason the declaration of a mistrial necessarily and properly rests largely in the discretion of the trial court who has observed the incident giving rise to the request for a mistrial, and who is in a better position than an appellate court to evaluate the prejudicial effect and possibility of its removal by action short of a mistrial. The proper function of an appellate court in the situation we have before us is to determine whether as a matter of law the trial court abused its discretion in refusing to declare a mistrial, and in offering to strike the answer and instruct the jury to disregard it.

 The substance of defendant's complaint is that the answer of Miss Fanner that she recognized a photograph at police headquarters as being a picture of defendant was immaterial and that it in effect told the jury that defendant had previously been arrested because otherwise his photograph would not have been there. It is recognized that in some situations an error in admitting improper evidence may be such that the prejudicial effect cannot be removed by striking the testimony and instructing the jury to disregard it. State v. Benson, 346 Mo. 497, 142 S.W.2d 52; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878. However, in other situations the prejudicial effect can be removed in that manner. See State v. Henggeler, 312 Mo. 15, 278 S.W. 743; State v. Holmes, 316 Mo. 122, 289 S.W. 904; State v. Thomas, 318 Mo. 843, 1 S.W.2d 157; State v. Nasello, 325 Mo. 442, 30 S.W.2d 132; State v. Walker, Mo., 46 S.W.2d 569. In this case, the question asked called for a yes or no answer, and anything beyond that was voluntary on the part of the witness. The objection that the answer was "irrelevant and immaterial" and that "it is rehabilitating the identity" of defendant by the witness pertained to matters which, if meritorious,

could be corrected by the action proposed by the trial court. Certainly, they were of the nature that the trial court could exercise its discretion as to the corrective action required. It could be only because the jury drew an inference from the answer of Miss Fanner that it would have reason to believe that the defendant had previously been arrested. Notwithstanding the ruling in State v. Baldwin, 317 Mo. 759, 297 S.W. 10, we doubt that the answer made could be the basis for contending prejudicial error, but as previously stated we do not so rule and we are assuming for the purposes of this opinion that the volunteered portion of the answer was erroneous. However, under the circumstances of this case, for the action of the court to constitute prejudicial error the answer of Miss Fanner had to be of the nature that it was so impressive to the jury that the prejudicial effect could not have been removed by striking the answer and instructing the jury to disregard it. State v. Fulkerson, Mo., 331 S.W.2d 565. We cannot reach that conclusion. In fact, we consider the incident to be relatively minor in nature, and one which the trial court properly exercised its discretion in refusing a mistrial.

The second contention of defendant is that the trial court erred in admitting into evidence the "testimony by Officer Etzenhouser regarding the actions of two other men, and an alleged flight by [defendant] four months after the offense charged, and in denying [his] motion for a mistrial, * * *."

 We mention first that the transcript shows no request for a mistrial concerning any incident relating to the reception of testimony of Officer Etzenhouser. It also discloses that while the officer did testify "regarding the actions of two other men," to use the language of defendant in his point, there was no objection whatever to such testimony, and therefore there is no issue on this appeal pertaining thereto.

The only remaining matter pertains to testimony of the officer regarding "an al-

leged flight" by defendant "four months after the offense charged." We shall relate what occurred. The robbery of the fur shop occurred on October 7, 1963. The officer testified that about 2:50 o'clock of the morning of February 7, 1964, he saw two colored men, each wearing a black hat and a raincoat, standing beside an automobile, and that when they saw his approach they ran between some houses. The officer searched for them, and about ten minutes later he saw another automobile speed away when he approached it. After a chase for several blocks, during which the officer had turned on the red signal light and was sounding the siren, the automobile stopped, and the defendant was in the automobile wearing a black raincoat and with a black hat on the seat beside him. The officer then testified that the chase was "approximately seven blocks," and that he "notified the dispatcher that he was chasing a car." When asked whether Thirty-sixth and Bales Street, over which he previously had stated the chase occurred, were wide streets, defendant then interposed the only objection made to any testimony of the officer and that objection was, "I will object to this line of testimony. It has no relevancy at all." The objection was overruled, and the answer was, "They are narrow streets."

The objection was not to the question asked immediately prior to the objection, but was stated to be to the "line of testimony," whatever that included. But the questions pertaining to the "line of testimony" had already been answered, except the one question pertaining to the width of the streets, and there was no motion to strike the testimony. See State v. Sykes, Mo., 372 S.W.2d 24, 27, where it is stated that an objection made after the witness has answered is untimely, and in the absence of a motion to strike the answers, the ruling of the court or its failure to rule is not preserved for review. In addition, as a general rule, the arresting officer may testify to the defendant's attempted flight, and the remoteness of the flight from the time of the commission of the offense affects only the weight of the evidence and not its admissibility. State v. Ball, Mo., 339 S.W.2d 783, 91 A.L.R.2d 1042. See also State v. Harris, Mo.App., 325 S.W.2d 352, 358. In view of indefiniteness of the objection and its lateness, we cannot say that the ruling resulted in any prejudice to defendant.

The record discloses that defendant was effectively represented by capable counsel at trial and on appeal. We have examined the parts of the record and the entries designated in Supreme Court Rules 28.02 and 28.08, V.A.M.R., and find them to be proper and free from error.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.