STATE of Missouri, Respondent,

v.

Raymond Joseph NOLAN, Appellant.

No. 52728.

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Jerome T. Bollato, Special Asst. Atty. Gen., St. Louis, for respondent.

J. Whitfield Moody, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

STOCKARD, Commissioner.

Defendant, charged under the habitual criminal act, was found guilty by a jury of the offense of burglary, second degree, and stealing, and was sentenced by the court to imprisonment for ten years for burglary and five years for stealing, the sentences to run concurrently.

Although defendant does not challenge the sufficiency of the evidence, a brief statement of the facts will be helpful. About 8:00 o'clock of the evening of December 27, 1965, a neighbor of Mr. and Mrs. Paul Kochan called the police when he saw moving lights in their house. When the police arrived defendant and a companion ran from the front door of the house and were arrested. Another companion was arrested in the house. Entrance had been gained by prying open a window. An electric razor and a wristwatch which belonged to Mr. Kochan were found in the possession of one of defendant's companions, and a television set, some clothing, a vacuum sweeper, a typewriter and other articles had been piled near the front door.

When a police officer proposed to testify concerning oral statements made by defendant, a hearing before the court and out of the presence of the jury was held at defendant's request to determine whether the oral statements were voluntarily made. At this hearing Officer Moore testified that in his presence Officer Sanders (who was not available as a witness because of a death in his family) told the defendant that "he could talk to an attorney or friend, make a phone call, that was his right; that he did not have to make a statement, that it could be used against him in court." Officer Seguin also testified that immediately after defendant's arrest, he advised defendant that "he didn't have to say anything if he didn't wish to." Defendant did not testify and presented no evidence at this hearing, and the only evidence concerning the voluntariness of the oral statements of defendant was that related above.

Defendant's first point is that Officer Sanders did not make it clear to him that he had a right to counsel before making an oral confession, and therefore, the court erred in receiving evidence of his oral statements.

 This case was tried after the decision in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and before the decision in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. The requirements of the Miranda case are not retroactive, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, and although the principles of the Escobedo case do apply, appellant does not cite that case and apparently does not rely on it. Under the factual situation, we are of the opinion that it has no application. In this case there is no evidence whatever that defendant had a lawyer when questioned by the police, or that he wanted a lawyer, or that in any way he was denied the right to have a lawyer present or to confer with one prior to talking to the police.

 Defendant's argument is that when he was advised as above set out he "did not realize the legal effect of an oral statement" and believed he could orally confide in the police officers as evidenced by the fact that he told the officer, after the above information was given to him, that he would be "glad to tell * * * what happened, but he would not make a written statement."

 We cannot agree with the inference defendant now attempts to place on his willingness to make an oral statement. Nothing the police officers told him could reasonably have caused that impression. He was told that he could talk to an attorney or a friend before making a statement, that he did not have to make any statement, and that if he did it could be used against him. This reference to a statement obviously referred to any statement, oral or written. In addition, even if this contention had some merit, which it does not, the point was not assigned as error in defendant's motion for new trial, and the issue is not preserved for

appellate review. State v. McCrady, Mo., 416 S.W.2d 175, 177.

Defendant's second point is that his oral statements were erroneously admitted into evidence because there was no testimony "that no threats of harm or promises of worldly advantages were made to him as an inducement to obtain the confession." Defendant's contention is that the burden of proving an in custody statement to be voluntary is on the state, citing State v. Williams, Mo., 369 S.W.2d 408, and that a statement made as the result of threats or promises is inadmissible on the basis that it is involuntary. State v. Smith, 354 Mo. 1088, 193 S.W.2d 499. We do not disagree with these principles, but at the hearing before the court on the issue of the voluntariness of the confession there was no evidence whatever of threats or promises. The testimony of Officer Moore as to what Officer Sanders told defendant purported to include all that Officer Moore heard. Therefore, the reasonable inference from the evidence is that no threats or promises were made. In order for the state to meet its burden, it is not required that it negative every possible circumstance which, if developed, could present an issue of fact as to whether the confession was voluntary. It was sufficient for the state to present a prima facie showing of voluntariness, which it did in this case, and if defendant contended that there were special circumstances which would result in the confession being involuntary, it was incumbent on him to present evidence in support of his contention.

We note that defendant's second point was not presented as an assignment of error in his motion for new trial. We have discussed the merits of these two points to demonstrate that there is no occasion to consider whether plain error was involved within the meaning of Criminal Rule 27.20, V.A.M.R.

The trial court made a finding, based on the evidence presented to it, that the oral statements were voluntary. No other conclusion could reasonably have been reached from the evidence. There was compliance with the procedure required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205, and the finding by the court that the oral statements of defendant were voluntary, was not only justified, but was required by the evidence.

Defendant's next point pertains to a gratuitous remark of Officer Seguin, a witness for the state, during direct examination. Officer Seguin had testified concerning the arrest by him of defendant's companion. He also testified that he saw an automobile in front of the house. When asked what kind of an automobile it was, he replied: "I saw a '65 Pontiac, blue color. I would recognize the car previously as belonging to somebody else, but a police character owned the car." The trial court sustained defendant's objection to the answer, and at defendant's request the court instructed the jury to disregard "the last part of the witness' answer." The trial court denied defendant's request that a mistrial be declared, and it is of this ruling that defendant now complains. He asserts that it constituted an abuse of discretion on the part of the trial court.

Every error which might occur in the trial of a case does not necessarily require the granting of a mistrial, State v. Camper, Mo., 391 S.W.2d 926, 927, which is a drastic remedy that "should be exercised only in extraordinary circumstances." State v. James, Mo., 347 S.W.2d 211. Stated another way, a mistrial should be granted only where the incident is so grievous that the prejudicial effect can be removed no other way. For this reason the declaration of a mistrial necessarily and properly rests largely in the discretion of the trial court who observed the incident giving rise to the request for a new trial, and who is in a better position than an appellate court to evaluate the prejudicial effect and possibility of its removal short of a mistrial.

State v. Camper, supra, at p. 928. The function of an appellate court in the situation before us is to determine whether, as a matter of law, the trial court abused its discretion in refusing to declare a mistrial.

 The objectionable remark of the witness was gratuitous in that the question asked of the witness did not call for that part of the answer. Also, it is somewhat ambiguous, and it does not necessarily indicate that defendant was a "police character." It is recognized that in some situations an error in admitting improper evidence may be such that the prejudicial effect cannot be removed by instructing the jury to disregard it. State v. Benson, 346 Mo. 497, 142 S.W.2d 52; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878. However, in other situations the prejudicial effect can be removed in that manner. See for example, State v. Holmes, 316 Mo. 122, 289 S.W. 904; State v. Camper, supra. Under all the circumstances in this case we do not consider the gratuitous remark to be of the nature that the trial court would not be entitled to an exercise of discretion in determining the measures required to remove the prejudicial effect. The court was in a far better position than we are to determine the remedial measures required, and we cannot say, as a matter of law, that in the circumstances we have here it erred in refusing to take the drastic step of declaring a mistrial and discharging the jury.

Defendant's last point is that the trial court erred in refusing his requested Instruction A which was as follows:

A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Since the burden is upon the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged, a Defendant has the right to rely upon a failure of the prosecution to establish such proof. A Defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution. The law does not impose upon a Defendant the duty of producing any evidence whatsoever."

 Defendant asserts that he was entitled to have the jury informed that he "could rely on a lack of evidence." This is another way of saying what was told the jury by Instruction 6, a cautionary instruction in the usual form pertaining to the presumption of innocence and reasonable doubt. In Instruction 6 the jury was told that the law presumes the innocence and not the guilt of defendant, and that unless the evidence in the case, taken as a whole, satisfied the jury of defendant's guilt beyond a reasonable doubt they should acquit him. Instruction A purports to tell the jury that reasonable doubt may arise from a lack of evidence, or from testimony given on cross-examination. This, and the statement that defendant has no duty to present evidence, constitutes argument as to what may bring about a reasonable doubt. Defendant is not entitled to have the court argue his case in the form of an instruction. Defendant also argues that Instruction A was a converse instruction, but he does not indicate what it was intended to converse. We consider it to be a form of a cautionary instruction, argumentative in form, and properly refused by the trial court.

The review required by Criminal Rules 28.02 and 28.08, V.A.M.R., shows that the information is sufficient, that defendant was present and represented by counsel throughout the trial, that the jury verdict is in proper form and is responsive to the issues, that the punishment is within legal limits, and that allocution was granted.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.