**STATE of Missouri, Respondent,**

v.

**Raymond L. PHELPS, Appellant.**

**No. 56008.**

Supreme Court of Missouri,
Division No. 2.

Feb. 22, 1972.

As Modified on Court's Own Motion
April 10, 1972.

Motion for Rehearing or to Transfer to
Court En Banc Denied
April 10, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Roy W. Brown, Kansas City, for appellant.

STOCKARD, Commissioner.

Defendant has appealed from the judgment of the Circuit Court of Clay County, entered pursuant to jury verdict, whereby he was found guilty of robbery in the first degree, § 560.120, RSMo 1969, V.A.M.S., and sentenced to imprisonment for a term of twenty-five years.

The jury reasonably could find from the evidence that on September 4, 1969, defendant entered the service station of the King Oil Company and by use of a gun took from Harley Simpson, the manager, $170 of his personal money and $100 of the money of the oil company.

Defendant first asserts that the information was defective in that it charged two distinct crimes; assault and robbery. In its material parts, the information was as follows:

> Roger G. Burnett, ass't prosecuting attorney * * * informs the court that on or about the 4th day of September A.D.1969, * * * one Raymond L. Phelps did then and there wilfully and feloniously make an assault upon Harley Simpson in the presence of and against the will of said Harley Simpson then and there by force and violence to the person of said Harley Simpson and by holding at and toward the said Harley Simpson a certain pistol, a dangerous and deadly weapon, and then and thereby putting said Harley Simpson in fear of immediate injury to his person, unlawfully and feloniously did rob, steal, take and carry away lawful money of the United States, the property of Harley Simpson and King Oil Company * * *.

■ While this may not be the most desirable manner in which to allege a charge of robbery, this State has long ago departed from the extremely technical requirements of common law indictments and informations. State v. Brookshire, Mo., 368 S.W.2d 373, 380. The requirements, as set forth in Supreme Court Rule 24.01, V.A.M.R., now are that the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. We conclude the information here meets that test. In State v. Boone, Mo., 289 S.W. 575, an information for all practical purposes identical with the one in this case except for names, dates, and places, was held to be sufficient. This court held in that case: "Said information embodies every element requisite to be charged * * * and is substantially in the form often approved by this court, * * *. While said information charges an assault upon several persons, it was all part of one and the same act charged, to

wit, robbing Mrs. Jetmore of her property. The information does not include more than one charge."

■ Assuming, however, that the information alleged an assault and also a robbery, "the joinder of distinct felonies does not render the indictment or information in which they are joined bad as a matter of law. * * * The cases * * * hold that where two or more felonies are charged in the same indictment or information, the court should require the state to elect at the close of the evidence on which count it will go to the jury. As a general rule the objection that distinct felonies have been improperly joined in the same indictment or information must be raised by the defendant at the trial stage of the prosecution and when this is not done the right to object is waived." State v. Frankum, Mo., 425 S.W.2d 183, 189. Although defendant moved to dismiss the information on the ground that it "failed to state a cause of action upon which guilt can be predicated and punishment assessed in that it fails to apprise the defendant of the acts or offenses with which he is charged," he did not at any time make the contention to the trial court that he now presents on this appeal. We find no merit in defendant's contention.

■ Defendant, in argument but not as a point in his brief, challenges the form of the verdict. The form used by the jury was the precise form contained in an instruction by the court, and to which defendant expressly stated he had no objection. The verdict meets the minimum requirements, and the contention is without merit.

Defendant next asserts prejudicial error resulted when the prosecuting attorney made this statement in argument to the jury: "In other words, was he [defendant] telling the truth when he took the stand, and you can consider his past convictions for the unlawful use of firearms in determining whether or not this man committed this crime; in determining whether or not this man came to Harley Simpson's station."

Section 491.050, RSMo 1969, V.A.M.S., provides that a person who has previously been convicted of a criminal offense is a competent witness, but the conviction may be proved to affect his credibility, that is, as affecting his worthiness of belief. In this case the prosecutor argued to the jury that it could consider defendant's previous conviction of a crime in its determination of whether the defendant was telling the truth when he testified. That was not objectionable. However, it is improper to argue the existence of prior unconnected crimes as a basis for a conviction in the case on trial, State v. Mobley, Mo., 369 S. W.2d 576, 580, and it reasonably could be said, when considered alone, that the words of the prosecutor were to that effect when he said to the jury that it could consider previous conviction of crime "in determining whether or not this man committed the crime; in determining whether or not this man came to Harley Simpson's station." But, when the total comment is considered in context it is equivocal and is at least subject to the argument that what the prosecutor said was that a previous conviction of a crime could be considered in determining whether the defendant was telling the truth when he testified that he did not commit the robbery and was not at the service station.

Defendant objected to the comment and requested the court "to instruct the jury to disregard that as being improper argument." The court sustained the objection and instructed the jury as follows: "* * * you will disregard the statement that you can consider the fact that he had been committed or had been convicted of committing another crime in considering his guilt in this case." It was only after the jury had been so instructed that counsel for defendant then moved that the jury be discharged.

■ Every error which might occur in the trial of a case does not necessarily

require the granting of a mistrial, State v. Camper, Mo., 391 S.W.2d 926, and "The granting or refusal of a mistrial for improper argument lies largely within the discretion of the trial court." State v. King, Mo., 334 S.W.2d 34, 40; State v. Smith, Mo., 431 S.W.2d 74, 79. The authority of a court to grant a mistrial "should be exercised only in extraordinary circumstances," State v. James, Mo., 347 S.W.2d 211, which is another way of saying that "a mistrial should be granted only when the incident is so grievous that the prejudicial effect can be removed no other way." State v. Camper, supra. This case does not present the situation of repeated or intentional prejudicial remarks. The trial court immediately gave the requested instruction to disregard the argument. The prosecutor immediately asked to be excused for misstating the rule, and he then correctly stated it.

 The proper function of an appellate court in the situation we have is to determine whether as a matter of law the trial court abused its discretion in refusing to declare a mistrial. In view of the action taken, and the trial court's ability and opportunity to view the incident in context, we find no abuse of discretion.

Defendant's third point is that the trial court erred in not sustaining his motion for judgment of acquittal filed at the close of the State's evidence and at the close of all the evidence "because of an in-court identification following a prior unlawful lineup."

When defendant was arrested the day following the robbery he was placed in a lineup with three other persons, and Harley Simpson, the victim of the robbery, viewed the lineup and identified defendant as the person who had robbed him. The police officer who conducted the lineup testified that defendant voluntarily agreed to appear in the lineup, and further, on cross-examination by defendant he testified that defendant signed a "waiver". What that "waiver" contained is not shown in the evidence. This testimony is without contradiction in the record.

When Harley Simpson testified and made an unequivocal in-court identification of defendant as the robber, no objection whatever was made to that testimony.

At no time did defendant move to suppress evidence of identification or request a hearing before the court for a determination by it of the legality of the lineup and whether the in-court identification had an independent source.

The circumstances of the lineup and the manner in which it was conducted was first brought out by defendant on cross-examination of Harley Simpson.

After the testimony concerning the lineup was given, defendant made no motion to strike the in-court identification, and contrary to the implication in defendant's point above quoted, in the motions to dismiss and for judgment of acquittal no reference was made to a claimed illegal lineup or to the in-court identification.

In the motion for new trial there was no reference to a claim of an illegal lineup or that the in-court identification did not have an independent source.

 Apparently defendant does not purport to rely on such lineup cases as United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. He cites none of these; in fact, he cites no case. Constitutional questions can be waived by failing to preserve the issue for appellate review or by ignoring procedural requirements which serve a legitimate state interest. State v. Harrington, Mo., 435 S.W.2d 318; Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 12 L.Ed.2d 408. Our procedural requirements for objections to be made to the admission of evidence and for assignments of error to be set forth in a motion for new trial unquestionably serve a legitimate state interest essential to

orderly procedure. We conclude that no issue as to the in-court identification or the lineup has been preserved for appellate review.

■ Defendant next asserts that prejudicial error resulted when the prosecutor was permitted over objection to examine prospective jurors on voir dire concerning "their opinions as to the *range* of punishment for robbery first degree, same being an attempt by prosecution to commit jurors to bring in a verdict higher than the minimum."

During the voir dire examination the prosecutor asked the following of the prospective jurors: "Now, then, if the State proves beyond a reasonable doubt that this man was guilty you will be instructed by the Court that you can give this man from five years up to life. Does anyone believe, in this courtroom, that five years for a robbery offense, where the man was held at gunpoint, is too long a period of imprisonment? Now does anyone believe that life would be too long a period of imprisonment for a robbery case?"

Defendant admits he has found no case involving a similar question to prospective jurors, but he relies on the comment in State v. Kiner, Mo., 441 S.W.2d 720, 723, where it was said: "[C]ounsel has no right on voir dire to cause the prospective jurors to pledge or speculate as to their action in certain contingencies which may later occur or arise during trial." The question in this case did not purport to have the prospective jurors to pledge or speculate what their action would be, and for that reason the rule announced in the Kiner case is not applicable.

■ Most of the cases pertaining to questions to prospective jurors on voir dire concerning the range of punishment relate to the willingness of a juror to inflict the death penalty, an issue with which we are *not concerned in this case*. In Kirkendoll v. State, 198 Tenn. 497, 281 S.W.2d 243, it was correctly stated that the purpose of

voir dire examination concerning the range of permissible punishment is to determine the willingness of a prospective juror to execute the laws of the State, and in Pixley v. State, Wyo., 406 P.2d 662, it was held that "Where the law gives unto the jury the determination of whether to inflict the greater or a lesser penalty, it is the right and duty of the State to ascertain whether a prospective juror's mind is foreclosed against infliction of one of the allowable penalties, * * *." We find no merit in this contention of defendant.

Defendant's last contention is that he was denied a fair trial "in that the court exhibited a hostile attitude toward defendant and defendant's counsel and by prejudicially commenting on the evidence."

■ Defendant sets out three instances in his brief. The first occurred out of the hearing of the jury and apparently occurred during a discussion between counsel and the court concerning challenges. Defendant states in his brief that after his counsel moved to strike certain members of the panel he requested a list of the names of the prospective jurors. We will not set out verbatim the discussion that followed. Parts of it are not understandable and we cannot determine precisely what was meant. However, under no possible interpretation does the comments or statements of the trial court even tend to demonstrate a hostile attitude on the part of the court.

The second pertains to a comment of the trial court after overruling an objection of defendant. The prosecutor was cross-examining Lavina Watson, a witness for defendant. She gave conflicting testimony as to the time she had seen two persons who lived at the house where defendant also lived. When she testified that those two persons were not at home on September 4, the prosecutor asked: "Well, if they weren't home you weren't able to see them before, then, were you?" Defense counsel objected because "He is trying to confuse this woman and just leaving it open, the date, and it has been some

months since that day, and she is talking about it in the afternoon. Now, if he will specify what time of day I think maybe she can straighten this out." The objection was overruled and the court commented: "She has testified that she never saw him on the 4th and she has testified that she saw both of them, and she testified that she hasn't, so your objection is overruled."

 This does not tend to show a hostile attitude on the part of the court, and assuming it constitutes an improper comment on the evidence, the comments correctly related what had occurred, and in these circumstances no prejudice could have resulted. In addition the remarks of the trial court were directed to counsel, not the jury, and the jury would have so understood. "Where the remarks of a judge are directed to counsel in ruling upon the admissibility of evidence and embodying the reasons on which the ruling is based ordinarily they are held to be not prejudicial." State v. Hudson, 358 Mo. 424, 215 S.W.2d 441, 442. Error without prejudice, if there was error here, affords no basis for relief by an appellate court.

The third incident also pertains to a comment by the court. The prosecutor asked defendant's wife whether her aunt would be wrong if she testified that defendant "would go and come from the apartment." Defendant's counsel said: "Your Honor, I think he is misquoting the testimony. I don't recall that she so testified." The Court overruled the objection and commented, "My recollection is that she did." The trial court's recollection was correct.

What we said concerning the second incident pertains equally as well to this incident, and in addition, the comment of defense counsel invited the comment by the court.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.