STATE of Missouri, Respondent,

v.

John PAYTON, Appellant.

No. 38807.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 15, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

**552**

Harlan & Harlan, John L. Harlan, Jr., Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, Joseph R. Aubuchon, Asst. Pros. Atty., Franklin County, Union, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant, John Payton, was charged with burglary, second degree, and stealing in connection with said burglary, and was found guilty by a jury of both offenses. The jury assessed his punishment at imprisonment for two years for each offense, and the court directed the sentences to be served consecutively.

Appellant asserts that the trial court erred in denying his motion for judgment of acquittal because "the only evidence that [he] committed the burglary charged was the uncorroborated hearsay testimony" of an accomplice, and therefore it was insufficient to support a conviction of burglary.

The cabin of Arthur Lentz was broken into and burglarized. The burglary was discovered by Deputy Sheriff James Terry when he noticed the front gate was unlocked and open, and that the window of the door had been broken. Later that day, Deputy Sheriff Zelch responded to a report of the burglary. He saw and followed an automobile, which belonged to David Moss, to a residence in Sullivan, Missouri where David and appellant alighted from the automobile and entered the house. The deputy later saw appellant and David return to the automobile, remove some containers from the trunk, and then conceal the containers between some propane tanks. The two drove away, and Deputy Zelch seized the property which they had concealed. It was identified by Mr. Lentz as property taken from his cabin.

David Moss testified for the State. He stated that appellant came to his apartment and asked him to go riding with him. Following appellant's instructions, David drove on Acid Mine Road and stopped in front of the Lentz cabin. The two of them then got out, picked up two containers which contained property previously taken from the cabin, and placed them in the trunk of the automobile. David asked if "there was anything in the house that was left" and appellant replied, "We will go look." The two entered the house, looked around, and then left. As they drove away, David

asked appellant if "anyone had been there [the Lentz cabin] before," and he replied, "I was." David also testified that he asked appellant "who broke in," and that he replied, "I did."

Appellant recognizes in his brief that in *State v. Lang,* 515 S.W.2d 507, 509 (Mo. 1974), it was expressly held that "a defendant may be convicted on the uncorroborated testimony of an accomplice," but he argues that this court "should not extend that rule * * * to the case in which the defendant was convicted on the uncorroborated *hearsay* testimony of the accomplice alone."

■ Appellant does not direct our attention to what he contends to have been the hearsay testimony, but we assume it was the statement of David that appellant told him that he previously had broken into the Lentz cabin. Aside from the possibility of the testimony being admissible under a recognized exception to the hearsay rule, there was no objection to the testimony. In addition, there was corroboration of David's testimony. The evidence, other than the testimony of David, authorized a finding that when Mr. Lentz left his cabin it was locked, and that it was subsequently broken into and property therein was stolen. Such evidence also authorized a finding that shortly thereafter appellant was in possession and control of the stolen property. It has long been the rule that an inference that appellant was the one who broke and entered the building is permissible by reason of his recent and unexplained possession of the property which had been stolen from the building during the burglary. *State v. Bradley,* 485 S.W.2d 408 (Mo.1972); *State v. Miller,* 499 S.W.2d 496 (Mo.1973); *State v. Lewis,* 482 S.W.2d 432 (Mo.1972). We find no merit to this contention.

In the opening statement the prosecutor commented: "Mr. Moss is going to take the stand. * * * He will tell you that on that evening he was at his apartment and the defendant came to his apartment and they left. They were going to steal some gas for Moss's car but they didn't because Moss didn't have a hose to siphon it with. And they were going down Acid Mine Road

* * *." At this point appellant asked for a mistrial. After some discussion out of the hearing of the jury, the court stated that the "statement was improper," and it admonished the prosecutor not to "bring any more outside things in this statement." The request for a mistrial was denied. No other relief was requested.

We need not decide if the ruling of the trial court was a proper exercise of discretion, see *State v. Camper,* 391 S.W.2d 926 (Mo.1965), because in any event the possibility of any prejudicial effect was removed by appellant. When David Moss testified for the State he was not asked anything concerning the intent to steal gasoline. However, on cross-examination by appellant the following testimony was elicited:

Q. All right. What did you talk about? Tell the jury.

A. About driving around, maybe stealing some gas.

Q. You were going to steal some gas?

A. Yes, sir.

Q. For your car?

A. Yes, sir.

Q. But you didn't do it; is that correct?

A. Yes, sir.

Q. And what is the reason you didn't do it?

A. I didn't have a hose.

Q. All right. Did you customarily steal gas for your automobile?

At this point the court sustained an objection of the prosecutor that this was not "proper cross-examination."

■ Appellant cannot complain on appeal about the reference in the opening statement to the intent to steal gasoline when he brought forth on cross-examination the only testimony on the matter. Appellant's point is without merit.

Appellant also asserts that prejudicial error resulted when the trial court refused to grant a request for a mistrial "made in response to extremely prejudicial testimony intentionally elicited from the State's witness by the prosecutor relating to a separate and distinct crime of receiving stolen property."

After David Moss testified on direct examination, in which he made no reference whatever to the fact that he was an inmate of the Algoa Reformatory or to his participation in a burglary at the Windmill Restaurant, he testified in response to questions of appellant on cross-examination that he was serving time in the reformatory for the burglary of the Windmill Restaurant and for stealing. He was then asked:

Q. And when was that done, sir?

A. April of '75.

Q. Did you do that alone?

A. No, I didn't.

Q. There were other people with you?

A. Yes.

On redirect examination the following occurred:

A. Now, Mr. Harlan [defense counsel] wanted to know about who was involved in that Windmill burglary. Let me ask you this: Who got the stolen property from the Windmill burglary for which you have been sentenced to five years in the penitentiary?

A. John Payton.

At this point appellant objected on the basis that he was not being tried for receiving stolen property, and he requested a mistrial. The court refused to grant a mistrial, but it stated that the matter was irrelevant to any issue and that counsel should not go into the matter any further. Appellant then asked that the jury be instructed to disregard the answer and the court did so.

█ Appellant opened up the matter on cross-examination and we doubt that the redirect examination, strictly speaking, was improper. But in any event, it was within the discretion of the court whether to grant a mistrial. *State v. Camper,* supra. Clearly, there was no abuse of discretion in this case.

Appellant testified in his own behalf, and on direct examination in response to questions by his counsel he testified as follows:

Q. Now, John, have you ever been in any trouble with the law prior to this time?

A. Yes.

Q. All right. Will you tell the jury what that was?

A. Two years ago I was put under arrest for marijuana charge and it was a misdemeanor and I was placed on probation.

Q. All right. Aside from that one incident have you ever been in any other trouble with the law or with the juvenile authorities or with anybody?

A. No, sir.

On cross-examination, appellant again testified that he had not gotten into other trouble. The prosecutor then asked: "As a matter of fact weren't you arrested for burglary in the second degree and stealing by Officer John Berger and Officer Ed Warner of the Franklin County Sheriff's Department on March 3, 1975?"

█ After a discussion out of the hearing of the jury, the court refused appellant's request for a mistrial, but it stated that unless the prosecutor could show a conviction he was not to ask questions about an arrest. Appellant had testified on direct examination that other than the *arrest* on the marijuana charge he had not previously been "in trouble." In that manner he attempted to show previous good conduct on his part. It was proper to cross-examine him with reference to any subject matter concerning which he gave testimony on direct examination. *State v. Dees,* 276 S.W.2d 201 (Mo.1955); *State v. Williams,* 519 S.W.2d 576 (Mo.App.1975). In *State v. Elbert,* 471 S.W.2d 170, 172 (Mo.1971), the defendant testified that a previous marijuana conviction was the only trouble he had had with the police. On cross-examination the State introduced testimony regarding several prior arrests. The court pointed out that pursuant to § 546.260 RSMo 1969, an accused may be cross-examined as to any matter referred to in his direct examination, and it concluded that "the cross-examination of appellant was, under the circumstances of [that] case, a permissible attempt to impeach [the accused's] obvious effort to

present to the jury a record of previous good conduct." We find no merit to this contention of appellant.

Charles Earl Payton, who was not related to appellant, testified on direct examination that he was acquainted with appellant's reputation in the community for "truthfulness and honesty and veracity," and that his reputation was "very good." On cross-examination he was asked if he had heard that appellant "was arrested for burglary in the second degree on March 3, 1975," and he replied "Yes, sir." Appellant objected and requested a mistrial. The court sustained the objection, but refused to grant a mistrial.

Assuming that this constituted testimony as to appellant's good character, but see *State v. Underwood,* 530 S.W.2d 261 (Mo.App.1975), the general rule is that "the State may cross-examine a character witness with reference to defendant's prior arrests and accusations of specific misconduct for the purpose of testing the trustworthiness, knowledge and good faith of the witness." *State v. Siems,* 535 S.W.2d 261, 264 (Mo.App.1976). See also *State v. Hastings,* 477 S.W.2d 108 (Mo.1972), and *State v. Rojano,* 519 S.W.2d 42 (Mo.App. 1975). However, in any event, whether a mistrial should have been granted, assuming improper cross-examination which we are convinced did not occur, there was no abuse of discretion on the part of the trial court. See *State v. Camper,* supra; *State v. James,* 347 S.W.2d 211 (Mo.1961).

On direct examination appellant testified that he had never "taken anything out of anybody's home," and that he had never "stolen anything in [his] entire life." On rebuttal the State called David Moss who testified, over objection, that he and appellant had committed several burglaries including business places and private homes.

By his testimony appellant sought to present himself to the jury as a person, now charged with burglary and stealing, who had never before committed such offenses. The courts have consistently held that any competent testimony which tends to coun-

teract or disprove evidence offered by a defendant may be presented in rebuttal of defendant's testimony or evidence, subject only to the discretion of the trial court to control within reasonable limits the scope of rebuttal testimony. *State v. Williams,* 442 S.W.2d 61 (Mo. banc 1968); *State v. Kirk,* 510 S.W.2d 196 (Mo.App.1974). Clearly, if appellant had not so testified, the testimony of David Moss on rebuttal would not have been proper. But when appellant elected to tell the jury that he had not stolen from a home, and that he had never stolen anything, he cannot complain that the State presented evidence to the contrary.

The judgment is affirmed.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.