**STATE of Missouri, Plaintiff-Respondent,**

v.

**Timothy McCALL, Defendant-Appellant.**

**No. 46150.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 20, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Jan. 24, 1984.

Application to Transfer Denied
March 20, 1984.

Judy Lila Steele, Asst. Public Defender, St. Louis, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant Timothy McCall guilty of raping the victim and also aiding three others in raping her. It also found defendant guilty of assaulting and restraining the victim. Pursuant to the verdicts the court sentenced defendant to a total of 82 years in prison.

Defendant does not challenge the evidence and we find it supported the verdicts and judgments. By defendant's two points here he challenges the court's ruling in denying objections to the prosecutor's closing jury argument.

Defendant's first point concerns his being cross-examined about a prior felony conviction and the state's documentary evidence thereof.

The prosecutor in cross-examining defendant asked if he'd ever been convicted of a crime; defendant said no. Next he denied he'd ever pled guilty to a crime, and later denied he had ever been imprisoned.

In rebuttal the state showed by court records that defendant had in fact previously pled guilty to feloniously operating another's motor vehicle and been imprisoned for four months. Then in closing argument the prosecutor remarked that defendant had lied about the prior felony conviction.

We deny defendant's contention the three questions put to him at trial were inadequate to alert him to their meaning. His denials justified the rebuttal evidence of his convictions. *State v. Amos,* 490 S.W.2d 328[1] (Mo.App.1972).

The defendant objects here without citation to the prosecutor's using the word "liar" in closing argument when referring to defendant's denials of his previous felony conviction. There was no objection at trial and we do not believe the statement rose to the level of plain error.

We pass to defendant's multi-barreled objections to the state's vitriolic closing argument. Most of those objections were sustained. The now challenged ruling came when the prosecutor argued punishment was a serious issue, "And what you decide, decide how quickly this man is back in your community." Defense counsel vaguely objected, but the court did not rule. However, the court had just told the jury the defendant's previous four month conviction could not be used as evidence of present guilt but only on the issue of his credibility.

Even assuming proper preservation of the charged ruling, we find no reversible error. In *State v. Raspberry,* 452 S.W.2d 169[7–11] (Mo.1970) the court held:

> "While the prosecutor in this case in some degree exceeded the bounds of legitimate argument, what we are called upon by defendant to hold is that the trial court erred in not declaring a mistrial because of these statements of the prosecutor.... Every instance of a prosecutor exceeding the limits of legitimate argument is not a cause for declaring a mistrial. The declaration of a mistrial is, as stated, a drastic remedy and should be exercised only in extraordinary circum-

stances where the prejudicial effect can be removed in no other way.... This determination rests largely within the discretion of the trial judge who observed the incident and can best gauge its prejudicial effect upon the jury."

See also *State v. Phelps,* 478 S.W.2d 304[7–10] (Mo.1972).

Finding no reversible error, we affirm.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.