STATE of Missouri, Respondent,

v.

Jerald Gay ROJANO, Appellant.

No. 35726.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 7, 1975.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 7, 1975.

John C. Danforth, Atty. Gen., Preston Dean and Paul Otto, Asst. Attys. Gen., Jefferson City, Gene McNary, Pros. Atty., Thomas E. Dittmeier, Asst. Pros. Atty., Clayton, for respondent.

Hanks & Taylor, Claude Hanks, Clayton, for appellant.

CLEMENS, Judge.

Jerald Rojano was convicted of murder in the second degree and sentenced to 20 years imprisonment. He appeals, contending the trial court erred in (1) failing to permit psychiatric testimony; (2) failing to grant a mistrial because of improper cross examination; (3) submitting a hammer instruction after the jury began deliberations; and (4) failing to grant a mistrial or to voir dire the jury because of newspaper references to the trial.

The state's case: On November 2, 1972 defendant's wife Brenda spent the evening with three friends while defendant remained home. When the foursome returned to the Rojano home defendant came out of the house with a rifle, struck his wife, ordered the others to leave, then fired a shot toward the car. He then chased his wife into the house and shot her to death. When police arrived a few moments later Rojano said, "Do something. I shot my wife." He then added, "If the gun had not jammed I would have shot her again."

■ The first issue, that of excluded expert testimony, has not been preserved for review. In his brief defendant maintains a doctor should have been allowed to testify since he would have stated although Rojano was not suffering from a mental disease or defect he was incapable of forming an intent to murder. We do not review this contention since points not assigned as error in a motion for new trial are not preserved for appellate review, State v. Bowens, 476 S.W.2d 495[5] (Mo. 1972), even though briefed. State v. Coleman, 460 S.W.2d 719[3] (Mo. banc 1970).

■ Defendant's second point alleges the court erred in failing to grant a mistrial during cross examination of a character witness who was asked, "Were you aware that on February 25, 1969 that he [defendant] had been arrested for peace disturbance and lewd and lascivious behavior?" Without stating any ground therefor defense counsel objected to the question and asked for a mistrial. The trial court sustained the objection but denied the motion for a mistrial. Aside from the broad discretion allowed a trial court in ruling on such motions the point must fail because defendant's motion failed to state any ground for the relief he requested. State v. Gregg, 399 S.W.2d 7[10, 11] (Mo.1966).

■ Looking to the merits of defendant's point we find no plain error. The crux of defendant's point concerns the propriety of cross examination. The state can properly seek the basis for a witness' assertion of a defendant's good character. In answer to a question on direct examination, the witness said only that defendant was "a good boy." Since her credibility and her knowledge of his character were at issue, it was proper for the state to make further inquiry. Even if the question had been objectionable the trial court did not err in denying the motion for mistrial. A mistrial is granted only when an incident so prejudices a defendant that he can no longer obtain a fair trial. State v. Phelps, 478 S.W.2d 304[7–9] (Mo.1972). In considering whether the trial court has abused its discretion by denying such a motion, the appellate court is mindful of the

trial court's ability to observe the incident in context. We find no plain error.

Defendant thirdly asserts the court erred in reading Instruction # 12. After the jury had deliberated for a period of time, the court gave a conventional "hammer instruction".[1]

When it appears from the circumstances that a verdict is coerced by the court, the verdict must be overturned. State v. Baker, 293 S.W.2d 900[4, 5] (Mo. 1956). But no such inference is warranted here. The trial court may in its discretion give this instruction so long as it does not suggest an opinion on the merits or the nature of the verdict to be returned. State v. Raspberry, 452 S.W.2d 169[19] (Mo.1970). The language of this instruction was not improper. State v. Jackson, *supra.*

Defendant's fourth point alleges the court erred in denying a motion for mistrial or in failing to voir dire the jury. During the trial defendant called the court's attention to a series of newspaper articles dealing in general with the rising number of jury acquittals in St. Louis. The articles did not refer to defendant or his case. The court offered to tell the jury not to read articles about the case and to permit defense counsel to voir dire the jury. Counsel declined. Absent evidence that any juror read the articles and was thereby prejudiced against this defendant the court did not err in denying the motion for mistrial. State v. Coleman, 460 S.W. 2d 719[8, 9] (Mo. banc 1970). The court was under no obligation to voir dire the jury *sua sponte.*

Judgment affirmed.

DOWD, C. J., and WEIER and RENDLEN, JJ., concur.

1. Substantially similar to that in State v. Jackson, 446 S.W.2d 627 [2].