STATE of Missouri, Respondent,

v.

Terrell D. GUNN, Appellant.

No. 41283.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 20, 1980.

788

Daniel P. Reardon, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of carrying a concealed weapon. Punishment was assessed at three years imprisonment under the Second Offender Act. We affirm.

Defendant complains about the overruling of his request for an order disclosing the identity of a confidential informant. By reason of a tip from a confidential informant two policemen entered the Checkerdome to look for defendant. They found him. Defendant walked rapidly away from them. One of the officers observed defendant reach into his coat and pull out a gun as if defendant was trying to pass the gun to someone next to him. The officer grabbed the gun. It was loaded and in operable condition. The informant was not a witness to this arrest.

Defendant filed a motion to suppress the gun. At the hearing on this motion, it was revealed that the arrest was made upon a tip from an informant. The informant had previously given information leading to the arrest of other defendants whose cases were still pending. Defense counsel was not permitted to inquire as to informant's name, but the suppression hearing judge indicated he would have the officer produce the informant in his chambers. The motion to suppress the gun was overruled. No specific objection to the failure to disclose the name of the informant is found anywhere in the record. The identity or the existence of the informant was not presented at trial. The motion for new trial is silent as to any error relating to disclosure of the name of the informant.

Defendant failed to preserve this point by his failure to present the issue to the trial court. Although the defendant requested the name of the informant at the hearing on the motion to suppress, the record indicates the issue there remained whether or not to suppress the gun. The defendant seemed satisfied with the court's decision to interrogate the informant *in camera*. At trial, defendant failed to focus the attention of the trial court on the informant in any way. Cf. *State v. Wandix*, 590 S.W.2d 82, 84 (Mo.banc 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 1665, 64 L.Ed.2d 248 (1980). Further, defendant failed to include this point in his motion for new trial. *State v. Rojano*, 519 S.W.2d 42, 43 (Mo.App.1975).

In any event, defendant's point is not well taken. The informant neither witnessed nor participated in the actions preliminary to or during the commission of the crime. He merely gave information which caused the officers to investigate defendant's possible involvement in criminal activity, a procedural aspect of the concealed weapon charge. *State v. Higgins*, 592 S.W.2d 151, 161 (Mo.banc 1979).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.