STATE of Missouri, Respondent,

v.

Lynn G. ROBERTS, Appellant.

No. KCD27827.

Missouri Court of Appeals, Kansas City District.

March 1, 1976.

Motion for Rehearing and/or Transfer Denied March 29, 1976.

Thomas M. Larson, Public Defender, E. L. Messina, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Defendant was charged with assault with the intent to rape. A jury found him guilty of that charge and fixed his punishment at three years imprisonment.

On appeal, defendant claims that the trial court erred in refusing to grant a mistrial after a police officer was permitted to testify that the victim, when asked to identify those who assaulted her, had selected three photographs from a group of pictures; and that the court erred in refusing to grant a mistrial when the prosecutor made improper statements in two separate respects during closing argument.

## I.

*The testimony of the officer as to the pretrial identification.*

The victim testified that on May 13, 1974, two men (defendant and Robert Buford) repeatedly struck her and that one of these men (defendant) also tried to rape her. During the course of the attempted rape a third person, Arthur Buford, came upon the scene but did not participate in any unlawful activity.

On the same day that the attempted rape occurred, Detective Asa Steen of the Kansas City, Missouri, Police Department, presented seven photographs to the victim. From these photographs, she testified, she picked out the pictures of defendant, Robert Buford, and Arthur Buford.

At trial, as the prosecutor was engaged in his direct examination of Detective Steen, the following transpired:

"A. Yes, sir, I showed her seven photographs.

Q. All right, sir. And of those seven photographs, did she make any identification?

MR. BUNCH: I object to that, Your Honor, as being hearsay.

THE COURT: I don't think so. She has testified. The objection will be overruled.

A. Yes, sir, she identified three photographs.

Q. Three photographs?

A. Yes, sir."

Thereupon defense counsel asked for a mistrial on the grounds that Steen was testifying purely from hearsay and so was in violation of *State v. DeGraffenreid*, 477 S.W.2d 57 (Mo. banc 1972). The mistrial was denied. In *DeGraffenreid*, an eyewitness Gaston identified the defendant in court as the culprit. Gaston had previously made extra-judicial identification of defendant by means of a photograph and also by selecting him out of a lineup. The defense was basically alibi and in support of that position defendant and another witness testified that the defendant was at another place at the time of the offense. In the context of this factual setting, a police officer was permitted by the trial court to corroborate that Gaston had made the extra-judicial identifications. In that situation, where identification was the key issue in the case, the Supreme Court held that the corroborative testimony of the police officer was prejudicially erroneous.

By way of contrast, identification was not an issue in the case at bar. The defendant admitted that he was present at the apartment where the alleged assault occurred and testified to socializing with the victim there. The issue was whether an assault occurred at that time and place, not whether defendant was one of those present. It was the defendant's theory of

the case that although he was present in the Buford apartment throughout the period of the alleged offense, there simply was no attempted rape, other than the fantasy produced by the victim's drug and alcohol beclouded imaginings.

Having announced at trial that he indeed was a person whom the prosecutrix identified as being one of the participants in the events of May 13, 1974, and having announced that he was one of the persons who was present at the time and place the claimed attempted rape took place, the defendant cannot base his appeal for relief on the claim that Steen's reference to *identification* information harmed him. There was no identification issue in the case. Consequently, if any error occurred when Steen testified that the victim picked out three photographs, it was without question harmless, and harmless error is not grounds for reversal. *State v. Spica*, 389 S.W.2d 35, 53 (Mo.1965); *State v. DeGraffenreid, supra*, l. c. 64.

## II.

*The prosecutor's comment as to witness Smith.*

On the morning of the first day of his trial, the defendant's attorney advised the prosecutor that a certain Frank Smith would be called to testify on defendant's behalf. Prior to that, in compliance with an order issued by the court approximately four months before trial, the prosecution had been advised of the names of all other witnesses whom defendant intended to call at trial. In reference to this feature of the case the prosecutor stated, in closing argument:

"And as for Mr. Smith, the elusive Mr. Smith, I might point out. It's odd that nobody knew anything about Mr. Smith until yesterday, when we started the trial."

Defense counsel objected to the above as ". . . creating an implication to the jury that this man was not available for some time for trial, which he was." The court sustained the objection and instructed

the jury to disregard the remark. In resuming closing argument the prosecutor then stated:

"Let me say this, that under our law here in Jackson County, the defense is required to furnish me with the names of any witnesses, alibi witnesses, that they intend to use in a trial and yesterday was the first day that Frank Smith's name was given to me."

Defense counsel objected to this statement because Smith was not an alibi witness and because "the only discovery provided me by the state was the reading of the file and taking my own notes. Hence, since discovery is reciprocal, I received nothing. I don't think even under the rules, I was required to provide anything." After a colloquy at the bench, the objection was sustained and the jury was instructed to disregard the statement.

On appeal, the defendant claims that he was harmed by these two statements and that a mistrial should therefore have been ordered, because the comments implied (1) that Frank Smith's testimony was a fabrication, and (2) that the defendant had violated Supreme Court Rule 25.34, the rule of discovery which deals with the disclosure by a defendant to the State upon court order.

■■ The declaration of a mistrial is a drastic remedy and should be granted only when the incident is so grievous that the prejudicial effect can be removed in no other way. *State v. Raspberry*, 452 S.W.2d 169 (Mo.1970); *State v. Smith*, 431 S.W.2d 74 (Mo.1968); *State v. James*, 347 S.W.2d 211 (Mo.1961); *State v. Camper*, 391 S.W.2d 926 (Mo.1965); *State v. Davis*, 527 S.W.2d 724, 727 (Mo.App.1975). The function of an appellate court is to determine whether as a matter of law the trial court abused its discretion in refusing to declare a mistrial. *State v. Raspberry, supra*.

■■ The questions of the propriety of oral argument are addressed to the discretion of the trial court, and a reversal on such grounds occurs only upon abuse of such discretion. *State v. Wright*, 515 S.W.2d 421, 432 (Mo. banc 1974); *State v.*

*Taylor,* 508 S.W.2d 506, 514 (Mo.App.1974); and *State v. Jewell,* 473 S.W.2d 734, 741 (Mo.1971). Each time a prosecutor exceeds the limits of legitimate argument a mistrial need not be declared. *State v. Yarbrough,* 506 S.W.2d 90 (Mo.App.1974); *State v. Davis,* supra.

■ The trial judge observed the incidents giving rise to the requests for mistrial and was in a better position than is this court to evaluate the prejudicial effect and the possibility of its removal by actions short of a new trial. *State v. Camper,* supra, at 928. He believed that his action in sustaining the objections to the remarks and advising the jury to disregard same was sufficient to remove prejudice, if any, that may have been interjected into the case by virtue of them being uttered. That determination did not constitute an abuse of discretion.

### III.

*The prosecutor's comment on the prosecutrix's cause for future fear.*

■ Finally, defendant claims that it was error to deny a mistrial after the prosecutor made this remark in closing argument:

"Now, what's the motivation for these people testifying? What's L___ G___'s motivation? She has had to go through the preliminary hearing, she has had to come here and testify to you in court, she gets nothing out of it. Whether he is convicted or whether he goes back on the streets, it isn't going to make one bit of difference, as far as L___ G___'s personal life is concerned, except possibly if he is back on the streets, she may have some fear—"

At this point defense counsel objected to the argument, claiming that it was improper because it implied that if defendant were acquitted he would commit a subsequent crime. The objection was sustained and the jury was told to disregard the remark.

The general principles above enunciated concerning defendant's preceding point apply with equal force to the present point. And, as was the case concerning the last point, so also here the remark was not so offensive as to require the drastic remedy of a mistrial. The trial judge believed that the error was remedied by his actions in sustaining the objection to the comment and in directing the jury to disregard it. No abuse of the trial court's discretion being found in this regard, this point must also be ruled against defendant. *State v. McFadden,* 530 S.W.2d 440, 443 (Mo.App. 1975).

Affirmed.

All concur.