STATE of Missouri, Plaintiff-Respondent,

v.

Ernest Wesley McKNIGHT,
Defendant-Appellant.

No. 37272.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 13, 1976.

Robert C. Babione, Public Defender, Joseph F. Beatty, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant was convicted of stealing property of the value of at least $50.00 and

sentenced under the Second Offender Act to nine years in the Department of Corrections. Defendant contends that his opportunity for a fair trial was prejudiced by the improper admission of the hearsay testimony of Patrolman Kiefer to the effect that defendant had been retained in custody after the identifying witness, Mrs. Coleman, had looked at him. We affirm the decision of the trial court.

On October 30, 1974, at approximately 7:45 p. m., defendant entered Lindell Plaza Coffee Shop in the City of St. Louis. About fifteen minutes later he left with one of the customers. Within a few minutes they returned and defendant asked the cook-cashier, Mrs. Coleman, how much money was in the cash register. When she did not reply, he jumped up and said he was going to shoot her, ordering her to give him the money. He reached in and out of his partially unbuttoned shirt and threatened to blow her head off. Finally, defendant reached over the counter, opened the cash register, removed $105.81, and ran out. Mrs. Coleman ran to the door where she saw him drive away.

Patrolman Kiefer who had stopped defendant for a traffic violation at about 7:15 that same evening heard the description of the car and suspect come in over his radio. He patrolled the area and saw defendant's car at about 4200 Lindell (two blocks from the scene of the crime). Mrs. Coleman was taken to the car and she identified it. Defendant was arrested when he returned to the car about thirty minutes later. He was taken to the Coffee Shop for identification. Mrs. Coleman positively identified him at the trial.

Defendant contends that the following testimony was improper hearsay which prejudiced his chances for a fair trial:

"Q (by the prosecutor) Was Mr. McKnight taken back to the coffee shop?

A (by Patrolman Kiefer) He was.

Q And by whom was that done, if you recall?

A He was taken back by myself and Officer Rogoz.

Q When he was taken back to the coffee shop, can you tell me whether or not Miss Coleman looked at him, just answer yes or no.

A Yes.

Q Okay. After she looked at him was he retained in custody, kept in custody?

A Yes.

MR. BEATTY: Your Honor, I'd like to object at this time. Can we approach the bench?"

Defendant's objection and motion for a mistrial were overruled. No motion to admonish the jury to disregard was made.

■ Ordinarily the testimony of a third person who heard or observed the extrajudicial identification of an accused by the identifying witness as to the fact of such identification is inadmissible hearsay. *State v. Degraffenreid*, 477 S.W.2d 57, 62[12] (Mo. banc 1972). The trial court properly noted this fact and warned the prosecutor that this could be considered an attempt to elicit such evidence. The court, however, in declining to grant a mistrial, indicated that no error prejudicial to defendant had occurred under the facts of the case.

■ To preserve error for review on appeal, it is necessary that an objection to a question put to a witness must be made before an answer is elicited. No objection to a responsive answer made to a question not objected to can be urged on appeal unless it is apparent that counsel had no opportunity to object. *State v. Maxwell*, 502 S.W.2d 382, 396[19] (Mo.App.1973); *State v. Simmons*, 500 S.W.2d 325, 328[2–6] (Mo.App.1973). Counsel for defendant did not object until the answer was given and gave no indication that the witness's answer came before his objection could be voiced. This point is therefore not preserved for review.

It is also clear that inclusion of this testimony does not constitute plain error under Rule 27.20(c). The inclusion of this testimony is harmless since Patrolman Kiefer did not state that defendant had been identified by Mrs. Coleman. *State v. Roberts,*

535 S.W.2d 119, 120[1] (Mo.App.1976); *State v. Few,* 530 S.W.2d 411, 414[3] (Mo. App.1975). The evidence of defendant's guilt was clear and convincing. No manifest injustice or miscarriage of justice has resulted.

The judgment of the trial court is affirmed.

McMILLIAN and RENDLEN, JJ., concur.