STATE of Missouri, Respondent,

v.

Charles EVANS, Appellant.

No. 37934.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 6, 1977.

Robert C. Babione, Public Defender, Sara Harmon, Mary Louise Moran, Asst. Public Defenders, William P. Russell, St. Louis, for appellant.

George A. Peach, Circuit Atty., Richard L. Poehling, St. Louis, John D. Ashcroft, Atty. Gen., Paul Robert Otto, Robert L. Presson, Asst. Attys. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of stealing over $50 and his subsequent sentence of six years by the Court under the Second Offender Act. We affirm.

Three men entered the Morgan Linen Supply Company premises in St. Louis during working hours and stole ninety linen sheets worth two dollars apiece. The license plate of the car in which the thieves escaped was registered to defendant, and defendant was identified as one of the thieves by an employee who witnessed the theft. Defendant presented alibi evidence.

■ On appeal, defendant seeks reversal upon a claim that he had ineffective assistance of counsel. Such a claim may be raised as plain error on appeal only where the allegations arise "from isolated instances and the record as to each of them is fully developed." *State v. Hedrick*, 499 S.W.2d 583 (Mo.App.1973) [5–8]. Otherwise, the proper procedure for such review is through a Rule 27.26 motion.

■ Defendant points to two instances to support his claim of ineffective assistance of counsel. The first is the failure of his trial counsel to object to testimony of a police officer that he conducted a line-up and the officer's identification of a picture of that line-up. It is defendant's contention that this testimony was improper under *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972) as it tended to bolster the identification witness' testimony that he identified defendant in a line-up. *Degraffenreid* held that testimony by a police officer that a witness identified defendant in a line-up was inadmissible hearsay in the absence of impeachment of the identifying witness. The testimony of the police officer here was in no sense hearsay. He testified only to what he himself did and did not testify to any identification by the witness. See *State v. Atkins*, 545 S.W.2d 656 (Mo.App. 1976) and *State v. McKnight*, 539 S.W.2d 729 (Mo.App.1976). The most that can be said against the testimony is that it was of questionable relevance. We find no basis for concluding that defendant was denied effective assistance of counsel resulting from counsel's failure to object to the testimony.

■ Defendant's second contention is that his counsel failed to preserve errors for appellate review by filing an inadequate motion for new trial. Some of the points in the motion for new trial are inadequate as too general, but these are grounds used to invoke largely discretionary rulings by the trial court and are frequently stated in motions for new trial in such terms. Defendant has argued that the remaining more specific grounds are without merit and that

therefore counsel failed to preserve any matter of merit for appellate review. The difficulty with this argument is that defendant has totally failed to point out what error occurred in the trial that would warrant appellate review and which "effective" counsel should have preserved for review. Our review of the record on appeal does not disclose any obvious error. In fact, one point raised in the motion for new trial relating to an order restricting defendant's closing argument (which defendant has persuasively argued is without merit) would appear more arguably erroneous than anything else in the record. We, therefore, cannot conclude that the motion for new trial establishes on its face that defendant was denied effective assistance of counsel.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.